# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------X   Index No. 2304/13

MICHAEL LaGREDELLE,

              Plaintiff,

              v.

VIRGIN ATLANTIC AIRWAYS LIMITED,
SWISSPORT USA, INC., PETER NEIL, STEPHEN
KOLASINSKI, GILBERT RAZZOUK, OSCAR YIU,
KIM YAN, and PAWEL NADOGLESKY,

              Defendants.
-----------------------------------------------------------------X

Plaintiff designates:
QUEENS COUNTY
As the Place of trial

**SUMMONS**

Venue is appropriate under
NY CPLR §503(c)

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the inconvenience relief demanded in the complaint.

Dated: New York, New York
      February 1, 2013

                              **PHILLIPS & PHILLIPS,**
                              **ATTORNEYS AT LAW, PLLC**

By   _____
        Jesse Rose, Esq.
        *Attorneys for Plaintiff*
        30 Broad Street, 35th Floor
        New York, New York 10004
        (212) 248-7431
        jrose@tpglaws.com

Defendants' Addresses:

VIRGIN ATLANTIC AIRWAYS LIMITED
75 North Water Street
South Norwalk, CT, 06854

PETER NEIL
c/o VIRGIN ATLANTIC AIRWAYS LIMITED
75 North Water Street
South Norwalk, CT, 06854

SWISSPORT USA, INC.
Building 151, Suite 300
JFK International Airport
Jamaica, New York, 11430

STEPHEN KOLASINSKI
c/o SWISSPORT USA, INC.
Building 151, Suite 300
JFK International Airport
Jamaica, New York, 11430

GILBERT RAZZOUK
c/o VIRGIN ATLANTIC
75 North Water Street
South Norwalk, CT, 06854

OSCAR YIU
c/o SWISSPORT USA, INC.
Building 151, Suite 300
JFK International Airport
Jamaica, New York, 11430

KIM YAN
c/o SWISSPORT USA, INC.
Building 151, Suite 300
JFK International Airport
Jamaica, New York, 11430

PAWEL NADOGLESKY
c/o SWISSPORT USA, INC.
Building 151, Suite 300
JFK International Airport
Jamaica, New York, 11430

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-------------------------------------------------------------X

MICHAEL LaGREDELLE,

        Plaintiff,

           v.

VIRGIN ATLANTIC AIRWAYS LIMITED,
SWISSPORT USA, INC., PETER NEIL,
STEPHEN KOLASINSKI, GILBERT RAZZOUK,
OSCAR YIU, KIM YAN, and PAWEL NADOGLESKY,

        Defendants.

-------------------------------------------------------------X

Index No.

**COMPLAINT**

Plaintiff MICHAEL LaGREDELLE, by his attorneys, PHILLIPS & PHILLIPS, Attorneys at Law, PLLC, complains as follows:

1. Plaintiff brings this action charging that Defendants violated the New York City Human Rights Law, Administrative Code § 8-107 *et seq.* ("NYCHRL"), and seeks to recover lost overtime, wages, emotional distress, punitive damages, reasonable attorneys' fees and costs as a result of, *inter alia*, being **discriminated against** by his employer **on the basis his race, color, national origin, and alienage or citizenship status**, and for retaliatory actions taken when plaintiff refused to act in a discriminatory manner against a co-worker.

## PARTIES

2. At all relevant times, Plaintiff MICHAEL LaGREDELLE ("LaGredelle" or "plaintiff") is a resident of the State of New York, County of Queens.

3. Defendant VIRGIN ATLANTIC AIRWAYS LIMITED is a foreign for-profit business corporation organized and existing under the laws of the Nation of England and authorized to do business in the State of New York, County of New York, with a principal executive office located at 75 North Water Street, South Norwalk, CT, 06854.

3

4. Defendant SWISSPORT USA, INC. ("Swissport") is a foreign for-profit business corporation organized and existing under the laws of the State of Delaware and authorized to do business in the State of New York, County of Queens, with a principal executive office located at 45025 Aviation Dr., Ste. 350, Dulles, VA, 20166.

5. At all relevant times, plaintiff was directly employed by Swissport.

6. At all relevant times, plaintiff was an employee of VIRGIN ATLANTIC AIRWAYS LIMITED due to the control that VIRGIN ATLANTIC AIRWAYS LIMITED held over plaintiff in the terms and conditions of his employment with Swissport, as well as the manner and means in which he performed his job.

7. Defendants SWISSPORT USA, INC. and VIRGIN ATLANTIC AIRWAYS LIMITED are collectively referred to as "Defendant Virgin".

8. Defendant PETER NEIL ("NEIL") is a natural person employed by VIRGIN ATLANTIC AIRWAYS LIMITED who supervised plaintiff and the work of Swissport performed on behalf of, and for the benefit of, VIRGIN ATLANTIC AIRWAYS LIMITED.

9. Defendant STEPHEN KOLASINSKI ("Kolasinski") is a natural person and was plaintiff's co-worker at Swissport.

10. Defendant GILBERT RAZZOUK ("Razzouk") is a natural person and was plaintiff's co-worker at Virgin Atlantic.

11. Defendant OSCAR YIU ("Yiu") is a natural person and was plaintiff's superior and a general manager at Swissport.

12. Defendant KIM YAN ("Yan") is a natural person and was plaintiff's superior and a general manager at Swissport.

13. Defendant PAWEL NADOGLESKY ("Nadoglesky") is a natural person and was plaintiff's

4

superior and an account manager at Swissport.

## FACTS

14. At all relevant times, and beginning in November 2004, Plaintiff was employed by Defendant Virgin, first as an Agent, and eventually being promoted to Supervisor, in the performance of Swissport's functions at JFK International Airport for defendant VIRGIN ATLANTIC AIRWAYS LIMITED.

15. At all times, plaintiff was fully capable of performing, and did fully perform, all of his duties as an employee of Defendant Virgin.

## CLAIM FOR UNPAID WAGES AND OVERTIME

16. Upon information and belief, from the time he was hired in November 2004 until April 2007, plaintiff's wage was ten dollars ($10.00) per hour.

17. During or about April 2007, plaintiff was promoted to the position of Leader, with a wage of twelve dollars and thirty cents ($12.30) per hour, despite the fact that he was performing and expected to perform the duties of a Supervisor and was entitled to Supervisor's pay.

18. Despite his performance of a Supervisor's duties, plaintiff's salary remained twelve dollars and thirty cents ($12.30) per hour from April 2008 until October 22, 2009, when plaintiff was finally given the title of Supervisor, with a raise in wage to fifteen dollars and fifty cents ($15.50) per hour.

19. Beginning in August 2009 and during the remainder of his employment with Defendant Virgin, as part of his performance of a Supervisor's duties, plaintiff was required to submit weekly records for the hours worked by employees of Swissport ("Time Records") to Nadoglesky.

20. At no time was plaintiff paid his regular wage or overtime for the preparation and

submission of Time Records to Nadoglesky, because such work was always performed after plaintiff himself had clocked-out, and his own hours were included in his submissions of Time Records to Nadoglesky.

21. Despite being forced to work overtime hours, and despite regularly and routinely working more than 40 hours per week, plaintiff never received overtime pay from Defendant Virgin.

## CLAIM FOR WORKPLACE ABUSE AND HARASSMENT

22. During his tenure with Defendant Virgin, plaintiff was routinely subjected to harassing and discriminatory abuse at the hands of his co-workers, particularly defendants Razzouk and Kolasinski.

23. Defendants Razzouk and Kolasinski each routinely verbally harassed and insulted plaintiff, who is of Haitian descent, using, *inter alia*, profanity and such epithets as "fucking Haitian", "Frenchie", "tweed-eating motherfucker", "Humpty Dumpty", and telling plaintiff that his dark skin made him invisible in the dark, and that they feared "catch[ing] a poison arrow" by standing near plaintiff.

24. Despite his repeated complaints to defendants Yan and Yiu in their capacities as general managers of Swissport, Yan and Yiu did nothing to stop plaintiff's co-workers, particularly defendants Razzou and Kolasinski, who continued to harass and abuse plaintiff.

25. Plaintiff felt stressed, shamed, degraded, harassed, abused and insulted by the actions of his coworkers, particularly defendants Razzou and Kolasinski, who continued to harass and abuse plaintiff, and defendants Yan and Yiu, who refused to discipline any of plaintiff's co-workers or act to stop the abusive conduct.

26. As a result, plaintiff was caused to have bad dreams, emotional pain and suffering, fear, depression, and anxiety.

27. Plaintiff continued working, despite the abuse and harassment of his coworkers and supervisors, and despite being deprived of his lawful wages and overtime pay, because he needed the wages to support himself.

## CLAIM FOR ILLEGAL RETALIATORY CONDUCT

28. After his promotion to Supervisor in October 2009, plaintiff was demoted, and his wages decreased, because he refused an illegal direction to terminate an employee of Swissport.

29. After his promotion, plaintiff's job functions required him to interact with Peter Neil, who was employed in a supervisory capacity by Virgin Atlantic Airways Limited.

30. During plaintiff's employment with Defendant Virgin, Mr. Neil expressed distaste with certain older Swissport employees, and stated that they should not be working in the Virgin airport lounge "because they are too old."

31. Upon information and belief, one such Swissport employee was non-party Angeliki Lagoudaki.

32. During the month of December 2009, Mr. Neil telephoned plaintiff and directed him to terminate Ms Lagoudaki's employment.

33. Mr. Neil refused to provide a legitimate reason to terminate Ms Lagoudaki's employment.

34. Based upon plaintiff's belief that Mr. Neil wanted her terminated because of her age, and because Mr. Neil refused to provide any other reason to terminate her employment, plaintiff refused to terminate Ms Lagoudaki's employment.

35. After plaintiff's refusal, Mr. Neil sent plaintiff a message indicating that plaintiff was risking his own employment by refusing to terminate Ms Lagoudaki.

36. Thereafter, during January 2010, Ms Lagoudaki was reassigned, and her employment moved to the Virgin check-in counter.

37. Approximately three months later, on or about April 28, 2010, plaintiff was injured on the job and placed on leave to recuperate.

38. Three days later, on May 1, 2010, defendant Nadoglesky telephoned plaintiff and demoted him to Agent, with a decrease in salary, stating that Defendant Virgin wanted to reduce the number of Supervisors.

39. Upon information and belief, the explanation provided by Nadoglesky is pretextual.

40. Upon information and belief, plaintiff was actually demoted because he refused to violate the law and terminate Ms Lagoudaki on the basis of her age.

41. Upon information and belief, plaintiff's demotion was an intentional act of retribution condoned by and participated in by Defendant Virgin, Neil, Nadoglesky, Yiu, and Yan, on the basis of plaintiff's refusal to terminate the employment of Ms Lagoudaki.

42. As a result of the defendants' actions, plaintiff feels extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

43. As a result of the defendants' discriminatory treatment of plaintiff, he has suffered severe emotional distress and physical ailments.

44. As a result of the acts and conduct complained of herein, plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff further experienced severe emotional and physical distress.

45. As a result of the above, plaintiff has been damaged in an amount in excess of the jurisdiction of the Court.

46. Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, plaintiff demands punitive damages as against Defendants.

## AS A FIRST CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

47. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

48. The Administrative Code of City of NY § 8-107(1) provides that, "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, **race**, creed, **color**, **national origin**, gender, disability, marital status, sexual orientation or **alienage or citizenship status** of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

49. Defendant Virgin, and defendants, Razzouk, Kolasinski, Yiu, and Yan each violated the section cited herein as set forth.

## AS A SECOND CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

50. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

51. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person **to aid, abet, incite, compel, or coerce** the doing of any of the acts forbidden under this chapter, or attempt to do so."

52. Defendant Virgin and defendants Razzouk, Kolasinski, Yiu, and Yan engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title

9

8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the verbal abuse and harassment against plaintiff based upon plaintiff's race, color, nationality, alienage, and citizenship status.

## AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

53. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

54. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person **to aid, abet, incite, compel, or coerce** the doing of any of the acts forbidden under this chapter, or attempt to do so."

55. Defendant Virgin and defendants Neil, Nadoglesky, Yiu, and Yan engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the retaliatory demotion of plaintiff, based on plaintiff's refusal to illegally terminate Ms Lagoudaki.

## AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

56. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

57. New York City Administrative Code Title 8-107(19) **Interference with protected rights**. It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section.

10

58. Defendant Virgin and defendants Neil, Nadoglesky, Yiu, and Yan violated the section cited herein as set forth.

## AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

59. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

60. New York City Administrative Code Title 8-107(13) **Employer liability** for discriminatory conduct by employee, agent or independent contractor.

a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

i. the employee or agent exercised managerial or supervisory responsibility; or

ii. the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

11

  iii. the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

  c. An employer shall be liable for an unlawful discriminatory practice committed by a person employed as an independent contractor, other than an agent of such employer, to carry out work in furtherance of the employer's business enterprise only where such discriminatory conduct was committed in the course of such employment and the employer had actual knowledge of and acquiesced in such conduct.

61. Defendant Virgin violated the section cited herein as set forth.

## AS A SIXTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

62. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

63. The New York City Administrative Code Title 8, §8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter. . ."

64. Defendant Virgin engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(7) by demoting Plaintiff.

## AS AND FOR A SEVENTH CAUSE OF ACTION FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT (OVERTIME)

65. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

66. Defendant Virgin willfully employed Plaintiff in the afore-mentioned enterprise for workweeks longer than forty (40) hours and failed to compensate Plaintiff for his employment in excess of forty (40) hours per week at a rate of at least one and one-half times the rate at which he was employed.

67. Defendant Virgin failed to pay overtime wages to Plaintiff as required by the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §201 et seq. and its implementing regulations.

68. Defendant Virgin's failure to pay Plaintiff overtime pay in accordance with the FLSA was a direct violation of the FLSA, specifically 29 U.S.C. §207.

69. Defendant Virgin's failure to pay proper overtime wages for each hour worked over forty (40) per week was willful within the meaning of 29 U.S.C. §255.

70. Defendant Virgin's failure to comply with the FLSA caused Plaintiff to suffer loss of wages.

**AS AN EIGHTH CAUSE OF ACTION FOR VIOLATION OF
NEW YORK LABOR LAW and NYCRR TITLE 12 (OVERTIME)**

71. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

72. Plaintiff was an employee of Defendant Virgin within the meaning of New York Wage Regulations (NYCRR Labor Section 138 et seq.).

73. Defendant Virgin failed to pay Plaintiff a premium for hours worked in excess of forty (40) hours per week.

74. Defendant Virgin violated Plaintiff's right to overtime pay under Title 12 NYCRR 142-2.2.

75. Defendant Virgin's failure to comply with the New York Labor Law overtime protections caused Plaintiff to suffer loss of wages and interest thereon.

76. Defendant Virgin's failure to pay proper overtime wages for each hour worked over forty

13

(40) per week was willful.

77. On account of such violations, Defendant Virgin is liable to Plaintiff for actual, statutory and liquidated damages.

## JURY DEMAND

78. Plaintiff demands a trial by jury.

**WHEREFORE,** Plaintiff respectfully requests a judgment against the defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by the New York City Human Rights Law, Administrative Code § 8-107 *et seq.* (the "NYCHRL"), by discriminating against Plaintiff on the basis of his race, color, national origin, gender, sexual orientation, and alienage or citizenship status, and then unlawfully demoting plaintiff, and that Defendants violated the FLSA and 12 NYCRR 142-2.2 by refusing to pay plaintiff overtime pay to which he was entitled; and

B. Awarding damages to the Plaintiff for all lost overtime, for unpaid wages, and for lost wages and benefits resulting from Defendants' unlawful demotion of Plaintiff, and to otherwise make him whole for any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to his reputation in an amount to be proven;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful actions.

14

Dated: New York, New York
February 1, 2013

PHILLIPS & ASSOCIATES,
ATTORNEYS AT LAW, PLLC

By:  _Jesse Rose_

Jesse Rose, Esq.
*Attorneys for Plaintiff*
30 Broad Street, 35th Floor
New York, New York 10004
(212) 248-7431
jrose@tpglaws.com

15