Gregory Lahr (JL9969)
gregory.lahr@sedgwicklaw.com
Ryan Chapoteau (RC0689)
ryan.chapoteau@sedgwicklaw.com
SEDGWICK LLP
225 Liberty Street, 28th Floor
New York, NY  10281-1008
Telephone:        212.422.0202
Facsimile:        212.422.0925

*Attorneys for Defendants*
*Swissport USA, Inc., Oscar Yiu, and Kim Yan*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Michael LaGredelle, <br><br> Plaintiff, <br><br> -against- <br><br> Virgin Atlantic Airways Limited, Swissport USA, Inc., Peter Neil, Stephen Kolasinski, Gilbert Razzouk, Oscar Yiu, Kim Yan, and Pawel Nadoglesky, <br><br> Defendants. | Civil Action Number: <br> 1:13-cv-01422-ILG-RLM <br><br> **DEFENDANTS SWISSPORT, YAN, AND YIU'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES** |

Defendant Swissport USA, Inc. ("Swissport"), Kim Yan ("Yan"), and Oscar Yiu ("Yiu") (collectively "Swissport Defendants") by and through their attorneys, Sedgwick LLP, Answers the Complaint brought by Michael LaGredelle as follows, upon information and belief:

**INTRODUCTION**

1.      The allegations contained in Paragraph "1" of the Complaint constitute a summary of Plaintiff's Causes of Action.  To the extent these allegations constitute actual allegations of fact, Swissport Defendants admit that Plaintiff purports to bring an action under the statutes cited therein, but denies that there is any factual or legal basis for the claims asserted.

## PARTIES

2.     Swissport Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "2" of the Complaint.

3.     Swissport Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "3" of the Complaint.

4.     Swissport Defendants admit the allegations contained in Paragraph "4" of the Complaint.

5.     Swissport Defendants deny the allegations in Paragraph "5" of the Complaint, but admit that Plaintiff began his employment with Swissport on approximately October 13, 2004, and ceased his active employment on approximately April 28, 2010.

6.     Swissport Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "6" of the Complaint.

7.     The allegations contained in Paragraph "7" of the Complaint constitute a summary reference within Plaintiff's Complaint.  To the extent these allegations constitute actual allegations of fact, Swissport Defendants deny that Swissport and Virgin Atlantic Airways Limited are comingled entities.

8.     The Swissport Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "8" of the Complaint.

9.     The Swissport Defendants deny the allegations contained in Paragraph "9" of the Complaint, except admit that Stephen Kolasinski was employed by Swissport but he no longer is an employee.

10.     The Swissport Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "8" of the Complaint, except state that Gilbert Razzouk was not employed by Swissport.

11.      The Swissport Defendants deny the allegations contained in Paragraph "11" of the Complaint, except admit that Yiu is employed by Swissport.

12.      The Swissport Defendants deny the allegations contained in Paragraph "12" of the Complaint, except admit that Yan is employed by Swissport as the Vice President of Ground Handling and Cargo for New York Airports.

13.      The Swissport Defendants deny the allegations contained in Paragraph "13" of the Complaint, except admit that Pawel Nadoglesky was employed by Swissport but no longer is an employee.

## FACTS

14.      The Swissport Defendants deny the allegations in Paragraph "14" of the Complaint, except admit that Plaintiff began his employment at Swissport on or about October 13, 2004, and received various promotions and pay increases.

15.      The Swissport Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "15" of the Complaint.

## CLAIM FOR UNPAID WAGES AND OVERTIME

16.      The Swissport Defendants deny the allegations in Paragraph "16" of the Complaint, except admit that Plaintiff initially earned $9.00 per hour until September 22, 2006; $10.00 per hour until October 15, 2007; $10.30 per hour until May 6, 2008; $12.00 per hour until June 5, 2009; $12.30 per hour until October 23, 2009; and $15.50 per hour until he ceased his employment.

17.      The Swissport Defendants deny allegations in Paragraph "17" of the Complaint, except admit that Plaintiff was promoted to Lead Agent effective May 6, 2008, at a rate of $12.00 per hour.

18.     The Swissport Defendants deny the allegations in Paragraph "18" of the Complaint, except admit that Plaintiff was promoted to Supervisor effective October 23, 2009, at a rate of $15.50 per hour.

19.     The Swissport Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "19" of the Complaint.

20.     The Swissport Defendants deny the allegations in Paragraph "20" of the Complaint.

21.     The Swissport Defendants deny the allegations in Paragraph "21" of the Complaint.

## CLAIM FOR WORKPLACE ABUSE AND HARASSMENT

22.     The Swissport Defendants deny the allegations in Paragraph "22" of the Complaint.

23.     The Swissport Defendants deny the allegations in Paragraph "23" of the Complaint.

24.     The Swissport Defendants deny the allegations in Paragraph "24" of the Complaint.

25.     The Swissport Defendants deny the allegations in Paragraph "25" of the Complaint.

26.     The Swissport Defendants deny the allegations in Paragraph "26" of the Complaint.

27.     The Swissport Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "27" of the Complaint, except deny the allegation regarding abuse and harassment by his coworkers.

## CLAIM FOR ILLEGAL RETALIATORY CONDUCT

28.     The Swissport Defendants deny the allegations in Paragraph "28" of the Complaint.

29.     The Swissport Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "29" of the Complaint.

30.     The Swissport Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "30" of the Complaint.

31.     The Swissport Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "31" of the Complaint.

32.     The Swissport Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "32" of the Complaint.

33.     The Swissport Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "33" of the Complaint.

34.     The Swissport Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "34" of the Complaint.

35.     The Swissport Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "35" of the Complaint.

36.     The Swissport Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "36" of the Complaint.

37.     The Swissport Defendants admit the allegations in Paragraph "37" of the Complaint.

38.     The Swissport Defendants deny the allegations in Paragraph "38" of the Complaint.

NY/1256522v1

39.     The Swissport Defendants deny the allegations in Paragraph "39" of the Complaint.

40.     The Swissport Defendants deny the allegations in Paragraph "40" of the Complaint.

41.     The Swissport Defendants deny the allegations in Paragraph "41" of the Complaint.

42.     The Swissport Defendants deny the allegations in Paragraph "42" of the Complaint.

43.     The Swissport Defendants deny the allegations in Paragraph "43" of the Complaint.

44.     The Swissport Defendants deny the allegations in Paragraph "44" of the Complaint.

45.     The Swissport Defendants deny the allegations in Paragraph "45" of the Complaint.

46.     The Swissport Defendants deny the allegations in Paragraph "46" of the Complaint.

**AS FOR THE FIRST CAUSE OF ACTION FOR DISCRIMINATION
UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**

47.     The Swissport Defendants repeat, reiterate, and reallege each and every response to the allegations contained in Paragraphs "1" through "46" of the Complaint with the same force and effect as if set forth fully herein.

48.     The allegations contained in Paragraph "48" of the Complaint are a summary of a statute and, therefore, do not need to be admitted or denied.  To the extent these allegations constitute actual allegations of fact, the Swissport Defendants admit that Plaintiff purports to

6

bring an action under the statutes cited therein, but deny there is any factual or legal basis for the claims asserted, and otherwise refer all issues of law to the Court.

49.     The Swissport Defendants deny the allegations in Paragraph "49" of the Complaint.

## AS A SECOND CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

50.     The Swissport Defendants repeat, reiterate, and reallege each and every response to the allegations contained in Paragraphs "1" through "49" of the Complaint with the same force and effect as if set forth fully herein.

51.     The allegations contained in Paragraph "51" of the Complaint are a summary of a statute and, therefore, do not need to be admitted or denied.  To the extent these allegations constitute actual allegations of fact, the Swissport Defendants admit that Plaintiff purports to bring an action under the statutes cited therein, but deny there is any factual or legal basis for the claims asserted, and otherwise refer all issues of law to the Court.

52.     The Swissport Defendants deny the allegations in Paragraph "52" of the Complaint.

## AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

53.     The Swissport Defendants repeat, reiterate, and reallege each and every response to the allegations contained in Paragraphs "1" through "52" of the Complaint with the same force and effect as if set forth fully herein.

54.     The allegations contained in Paragraph "54" of the Complaint are a summary of a statute and, therefore, do not need to be admitted or denied.  To the extent these allegations constitute actual allegations of fact, the Swissport Defendants admit that Plaintiff purports to

bring an action under the statutes cited therein, but deny there is any factual or legal basis for the claims asserted, and otherwise refer all issues of law to the Court.

55.     The Swissport Defendants deny the allegations in Paragraph "55" of the Complaint.

## AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

56.     The Swissport Defendants repeat, reiterate, and reallege each and every response to the allegations contained in Paragraphs "1" through "55" of the Complaint with the same force and effect as if set forth fully herein.

57.     The allegations contained in Paragraph "57" of the Complaint are a summary of a statute and, therefore, do not need to be admitted or denied.  To the extent these allegations constitute actual allegations of fact, the Swissport Defendants admit that Plaintiff purports to bring an action under the statutes cited therein, but deny there is any factual or legal basis for the claims asserted, and otherwise refer all issues of law to the Court.

58.     The Swissport Defendants deny the allegations in Paragraph "58" of the Complaint.

## AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

59.     The Swissport Defendants repeat, reiterate, and reallege each and every response to the allegations contained in Paragraphs "1" through "58" of the Complaint with the same force and effect as if set forth fully herein.

60.     The allegations contained in Paragraph "60" of the Complaint are a summary of a statute and, therefore, do not need to be admitted or denied.  To the extent these allegations constitute actual allegations of fact, the Swissport Defendants admit that Plaintiff purports to

bring an action under the statutes cited therein, but deny there is any factual or legal basis for the claims asserted, and otherwise refer all issues of law to the Court.

61.     The Swissport Defendants deny the allegations in Paragraph "61" of the Complaint.

## AS A SIXTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

62.     The Swissport Defendants repeat, reiterate, and reallege each and every response to the allegations contained in Paragraphs "1" through "61" of the Complaint with the same force and effect as if set forth fully herein.

63.     The allegations contained in Paragraph "63" of the Complaint are a summary of a statute and, therefore, do not need to be admitted or denied.  To the extent these allegations constitute actual allegations of fact, the Swissport Defendants admit that Plaintiff purports to bring an action under the statutes cited therein, but deny there is any factual or legal basis for the claims asserted, and otherwise refer all issues of law to the Court.

64.     The Swissport Defendants deny the allegations in Paragraph "64" of the Complaint.

## AS AND FOR A SEVENTH CAUSE OF ACTION FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT (OVERTIME)

65.     The Swissport Defendants repeat, reiterate, and reallege each and every response to the allegations contained in Paragraphs "1" through "65" of the Complaint with the same force and effect as if set forth fully herein.

66.     The Swissport Defendants deny the allegations in Paragraph "66" of the Complaint.

67.     The Swissport Defendants deny the allegations in Paragraph "67" of the Complaint.

NY/1256522v1

68.     The Swissport Defendants deny the allegations in Paragraph "68" of the Complaint.

69.     The Swissport Defendants deny the allegations in Paragraph "69" of the Complaint.

70.     The Swissport Defendants deny the allegations in Paragraph "70" of the Complaint.

**AS AN EIGHTH CAUSE OF ACTION FOR VIOLATION OF
NEW YORK LABOR LAW and NYCRR TITLE 12 (OVERTIME)**

71.     The Swissport Defendants repeat, reiterate, and reallege each and every response to the allegations contained in Paragraphs "1" through "70" of the Complaint with the same force and effect as if set forth fully herein.

72.     The Swissport Defendants deny the allegations in Paragraph "72" of the Complaint, and refer all issues of law to the Court.

73.     The Swissport Defendants deny the allegations in Paragraph "73" of the Complaint.

74.     The Swissport Defendants deny the allegations in Paragraph "74" of the Complaint.

75.     The Swissport Defendants deny the allegations in Paragraph "75" of the Complaint.

76.     The Swissport Defendants deny the allegations in Paragraph "76" of the Complaint.

77.     The Swissport Defendants deny the allegations in Paragraph "77" of the Complaint.

**JURY DEMAND**

78.     The Swissport Defendants deny that Plaintiff is entitled to a trial by jury on all Causes of Action.

**FIRST AFFIRMATIVE DEFENSE**

79.     The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

80.     The Court lacks subject matter jurisdiction over Plaintiff's claims.

**THIRD AFFIRMATIVE DEFENSE**

81.     Plaintiff has not exhausted administrative remedies or failed to comply with other conditions precedent under governing federal and state law to prosecute his claims thereunder.

**FOURTH AFFIRMATIVE DEFENSE**

82.     Some or all of the Plaintiff's causes of action are barred by the relevant statutes of limitation.

**FIFTH AFFIRMATIVE DEFENSE**

83.     The Complaint is or may be barred, in whole or in part, by the doctrines of equitable estoppel, judicial estoppel, waiver, laches, and/or unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

84.     The Swissport Defendants allege that all or part of the alleged conduct for which Plaintiff seeks damages was performed without the actual or constructive knowledge of the Swissport Defendants.

**SEVENTH AFFIRMATIVE DEFENSE**

85.     The damages allegedly sustained by Plaintiff were caused by the direct and proximate actions of other parties, their agents or employees, or by others unknown at this time over whom Swissport had no control at any time relevant hereto, and in the event Swissport is

NY/1256522v1

found liable to Plaintiff, which liability is expressly denied, Swissport will be entitled to indemnification, contribution, or apportionment of liability pursuant to applicable law.

## EIGHTH AFFIRMATIVE DEFENSE

86.    The Complaint is barred as against Swissport because it did not terminate Plaintiff's employment.

## NINTH AFFIRMATIVE DEFENSE

87.    The Plaintiff has received all compensation to which he was entitled.

## TENTH AFFIRMATIVE DEFENSE

88.    Some or all of Plaintiff's claims are subject to preemption under federal law.

## ELEVENTH AFFIRMATIVE DEFENSE

89.    The Complaint is or may be barred, in whole or in part, because Plaintiff was exempt from FLSA overtime requirements because he was employed in a bona fide executive, administrative, or professional capacity pursuant to 29 U.S.C. section 213(a)(1) and regulations issued pursuant to that statute.

## TWELFTH AFFIRMATIVE DEFENSE

90.    The Complaint is or may be barred, in whole or in part, because Plaintiff was exempt from the New York State's overtime requirements.

## THIRTEENTH AFFIRMATIVE DEFENSE

91.    All or part of the time for which Plaintiff seeks compensation was not compensable work time.

## FOURTEENTH AFFIRMATIVE DEFENSE

92.    All or part of the time for which Plaintiff seeks compensation was performed without the actual or constructive knowledge of Swissport.

## FIFTEENTH AFFIRMATIVE DEFENSE

93.     Plaintiff was not permitted or suffered to work, or otherwise under the control of Swissport, for some or all of the hours claimed.

## SIXTEENTH AFFIRMATIVE DEFENSE

94.     All or part of the time for which Plaintiff seeks compensation was not reasonable in relation to Swissport's activity or business.

## SEVENTEENTH AFFIRMATIVE DEFENSE

95.     All or part of the time for which Plaintiff seeks compensation was *de minimis* and is not compensable.

## EIGHTEENTH AFFIRMATIVE DEFENSE

96.     Some or all of Plaintiff's claims are barred or reduced by the doctrine of set-off.

## TWENTIETH AFFIRMATIVE DEFENSE

97.     Some or all of Plaintiff's claims are barred or reduced by the doctrine of unjust enrichment.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

98.     At all times relevant hereto, Swissport did not know and/or show reckless disregard as to whether its alleged conduct was prohibited by the Fair Labor Standards Act and the New York Minimum Wage Law, and otherwise Swissport acted in good faith and with reasonable grounds for believing they were not in violation of federal and/or state laws, rules, regulations, or guidelines.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

99.     Plaintiff is not entitled to recovery of liquidated damages as Swissport's actions and/or omissions were not willful, and otherwise Swissport exercised reasonable care and made good faith efforts to comply with all federal and/or state laws, rules, regulations, or guidelines.

NY/1256522v1

## TWENTY-THIRD AFFIRMATIVE DEFENSE

100.    Plaintiff has failed to mitigate his damages.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

101.    The Complaint fails to allege the circumstances relating to the claims made by Plaintiff with sufficient particularity to enable Swissport to determine whether it may have additional defenses in this action, and Swissport reserves all other defenses available under federal, state, or local law, as may be ascertained through discovery.

WHEREFORE, Swissport Defendants having fully answered Plaintiff's Complaint, denies that Plaintiff is entitled to equitable or monetary relief for compensatory, punitive, and/or emotional distress damages, and/or attorneys' fees and costs, and respectfully requests that Plaintiff's Complaint be dismissed with prejudice and that an Order be entered entitling this Defendant to an award of attorneys' fees and costs incurred in connection therewith, and all other relief that this Court may deem just and proper.

Dated: New York, New York
       March 26, 2013

SEDGWICK LLP


By: /s/ J. Gregory Lahr
    J. Gregory Lahr (JL9969)
    Ryan Chapoteau (RC0689)
    SEDGWICK LLP
    225 Liberty Street, 28th Floor
    New York, NY  10281-1008
    Telephone:    212.422.0202
    Facsimile:    212.422.0925
    *Attorneys for Defendants*
    *Swissport USA, Inc., Oscar Yiu, and Kim Yan*


To:    Jesse Rose
       PHILLIPS & ASSOCIATES PLLC
       30 Broad Street, 35th Floor
       New York, NY 10004

14

Telephone:  (212) 248-7431
Facsimile:  (212) 901-2107
*Attorneys for Plaintiff*

Tonianne Florentino
Adam Harris
COLLAZO FLORENTINO & KEIL LLP
747 Third Avenue
New York, NY 10017
Telephone:  (212) 758-7600
Facsimile:  (212) 758-7609
*Attorneys for Defendants*
*Virgin Atlantic Airways,*
*Peter Neil and Gilbert Razzouk*

NY/1256522v1

**<u>CERTIFICATE OF SERVICE</u>**

I, J. GREGORY LAHOR, ESQ., hereby certify that on the 26th day of March, 2013, the within Answer to Complaint and Affirmative Defenses was filed via Electronic Filing, which sent electronic notification of such filing to all Counsel of record.  I declare under penalty of perjury that the foregoing is true and correct.

Dated:  New York, New York
        March 26, 2013
                            By:  <u>/s/ J. Gregory Lahr                            </u>
                                J. Gregory Lahr (JL9969)

16