UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────── x
:
MICHAEL LAGREDELLE,              :
                                 :
                     Plaintiff,  :   Case No. 13-CV-01422
                                 :
         v.                      :   **DEFENDANTS VIRGIN**
                                 :   **ATLANTIC AIRWAYS**
VIRGIN ATLANTIC AIRWAYS LIMITED, :   **LIMITED, PIETER NEL,**
SWISSPORT USA, INC., PETER NEIL, :   **AND GILBERT**
STEPHEN KOLASINSKI, GILBERT RAZZOUK, :  **RAZZOUK'S ANSWER**
OSCAR YIU, KIM YAN, and PAWEL NADOGLESKY : **TO PLAINTIFF'S**
                                 :   **COMPLAINT**
                     Defendants. :
                                 :
───────────────────────────────── x

Defendants, Virgin Atlantic Airways Limited ("VAA"), Pieter Nel ("Nel") (incorrectly named in the caption as "Peter Neil"), and Gilbert Razzouk ("Razzouk") (collectively, hereinafter the "Virgin Defendants"), by their attorneys, Collazo Florentino & Keil LLP, for their Answer to the Complaint herein assert as follows:

1. Deny the allegations contained in Paragraph 1 of the Complaint, except admit that Plaintiff purports to bring forth claims against the Virgin Defendants under the New York City Human Rights Law, Administrative Code § 8-107 *et seq.* ("NYC HRL"), and further deny that the that there is any factual or legal basis for the claims asserted against the Virgin Defendants.

## PARTIES

2. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3. Deny the allegations contained in Paragraph 3 of the Complaint, except aver that VAA is a United Kingdom organization licensed to do business in New York State with a principal place of business at 75 North Water Street, South Norwalk, CT 06854.

1

4. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6. Deny the allegations contained in Paragraph 6 of the Complaint.

7. Offer no response to Paragraph 7 of the Complaint, as it contains no factual allegations. To the extent the allegations contained in Paragraph 7 of the Complaint constitute actual allegations of fact, the Virgin Defendants deny that Swissport and VAA are commingled entities.

8. Deny the allegations contained in Paragraph 8 of the Complaint, except aver that defendant Nel is employed by VAA.

9. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10. Deny the allegations contained in Paragraph 10 of the Complaint, except aver that Mr. Razzouk is employed by VAA.

11. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

## FACTS

14. Deny the allegations contained in Paragraph 14 of the Complaint.

4. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6. Deny the allegations contained in Paragraph 6 of the Complaint.

7. Offer no response to Paragraph 7 of the Complaint, as it contains no factual allegations. To the extent the allegations contained in Paragraph 7 of the Complaint constitute actual allegations of fact, the Virgin Defendants deny that Swissport and VAA are commingled entities.

8. Deny the allegations contained in Paragraph 8 of the Complaint, except aver that defendant Nel is employed by VAA.

9. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10. Deny the allegations contained in Paragraph 10 of the Complaint, except aver that Mr. Razzouk is employed by VAA.

11. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

## FACTS

14. Deny the allegations contained in Paragraph 14 of the Complaint.

15. Deny the allegations contained in Paragraph 15 of the Complaint, and further deny that Plaintiff was employed by VAA.

## CLAIM FOR UNPAID WAGES AND OVERTIME

16. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint, and further deny that Plaintiff was employed by VAA.

17. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint, and further deny that Plaintiff was employed by VAA.

18. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint, and further deny that Plaintiff was employed by VAA.

19. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint, and further deny that Plaintiff was employed by VAA.

20. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint, and further deny that Plaintiff was employed by VAA.

21. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint, and further deny that Plaintiff was employed by VAA.

## CLAIM FOR WORKPLACE ABUSE AND HARASSMENT

22. Deny the allegations contained in Paragraph 22 of the Complaint.

23. Deny the allegations contained in Paragraph 23 of the Complaint.

24. Deny the allegations contained in Paragraph 24 of the Complaint, and further deny knowledge and information sufficient to form a belief as to whether Plaintiff complained to defendants Yan or Yiu about any term or condition of his employment with Swissport.

25. Deny the allegations contained in Paragraph 25 of the Complaint.

26. Deny the allegations contained in Paragraph 26 of the Complaint.

27. Deny the allegations contained in Paragraph 27 of the Complaint.

## CLAIM FOR ILLEGAL RETALIATORY CONDUCT

28. Deny the allegations contained in Paragraph 28 of the Complaint, and further deny that Plaintiff was employed by VAA.

29. Deny the allegations contained in Paragraph 29 of the Complaint, and further deny that Plaintiff was employed by VAA.

30. Deny the allegations contained in Paragraph 30 of the Complaint.

31. Deny the allegations contained in Paragraph 31 of the Complaint.

32. Deny the allegations contained in Paragraph 32 of the Complaint.

33. Deny the allegations contained in Paragraph 33 of the Complaint.

34. Deny the allegations contained in Paragraph 34 of the Complaint.

35. Deny the allegations contained in Paragraph 35 of the Complaint.

36. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint, and further deny that Ms. Lagoudaki was employed by VAA at the check-in counter.

37. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint.

38. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint, and further deny that Plaintiff was employed by VAA.

39. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint.

40. Deny the allegations contained in Paragraph 40 of the Complaint.

41. Deny the allegations contained in Paragraph 41 of the Complaint.

42. Deny the allegations contained in Paragraph 42 of the Complaint.

43. Deny the allegations contained in Paragraph 43 of the Complaint.

44. Deny the allegations contained in Paragraph 44 of the Complaint.

45. Deny the allegations contained in Paragraph 45 of the Complaint.

46. Deny the allegations contained in Paragraph 46 of the Complaint.

### AS A FIRST CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

47. Repeat and reallege each and every response contained in Paragraphs 1 through 46 of the Answer with the same force and effect as if set forth fully herein.

48. Offer no response to Paragraph 48 of the Complaint, as it contains no factual allegations.

49. Deny the allegations contained in Paragraph 49 of the Complaint.

### AS A SECOND CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

50. Repeat and reallege each and every response contained in Paragraphs 1 through 49 of the Answer with the same force and effect as if set forth fully herein.

51. Offer no response to Paragraph 51 of the Complaint, as it contains no factual allegations.

52. Deny the allegations contained in Paragraph 52 of the Complaint.

### AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

53. Repeat and reallege each and every response contained in Paragraphs 1 through 52 of the Answer with the same force and effect as if set forth fully herein.

54. Offer no response to Paragraph 54 of the Complaint, as it contains no factual allegations.

55. Deny the allegations contained in Paragraph 55 of the Complaint.

### AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINSITRATIVE CODE

56. Repeat and reallege each and every response contained in Paragraphs 1 through 55 of the Answer with the same force and effect as if set forth fully herein.

57. Offer no response to Paragraph 57 of the Complaint, as it contains no factual allegations.

58. Deny the allegations contained in paragraph 58 of the Complaint.

### AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

59. Repeat and reallege each and every response contained in Paragraphs 1 through 58 of the Answer with the same force and effect as if set forth fully herein.

60. Offer no response to Paragraph 60 of the Complaint, as it contains no factual allegations.

61. Deny the allegations contained in Paragraph 61 of the Complaint.

### AS A SIXTH CAUSE OF ACTION FOR DISCRIMINATION
### UNDER THE NEW YORK CITY ADMINSITRATIVE CODE

62. Repeat and reallege each and every response contained in Paragraphs 1 through 61 of the Answer with the same force and effect as if set forth fully herein.

63. Offer no response to Paragraph 63 of the Complaint, as it contains no factual allegations.

64. Deny the allegations contained in Paragraph 64 of the Complaint.

### AS AND FOR A SEVENTH CAUSE OF ACTION FOR
### VIOLATION OF THE FAIR LABOR STANDARDS ACT (OVERTIME)

65. Repeat and reallege each and every response contained in Paragraphs 1 through 64 of the Answer with the same force and effect as if set forth fully herein.

66. Deny the allegations contained in Paragraph 66 of the Complaint, and further deny that Plaintiff was employed by VAA.

67. Deny the allegations contained in Paragraph 67 of the Complaint, and further deny that Plaintiff was employed by VAA.

68. Deny the allegations contained in Paragraph 68 of the Complaint, and further deny that Plaintiff was employed by VAA.

69. Deny the allegations contained in Paragraph 69 of the Complaint, and further deny that Plaintiff was employed by VAA.

70. Deny the allegations contained in Paragraph 70 of the Complaint, and further deny that Plaintiff was employed by VAA.

### AS AN EIGHTH CAUSE OF ACTION FOR VIOLATION OF
### NEW YORK LABOR LAW and NYCRR TITLE 12 (OVERTIME)

71. Repeat and reallege each and every response contained in Paragraphs 1 through 70 of the Answer with the same force and effect as if set forth fully herein.

72.  Deny the allegations contained in Paragraph 72 of the Complaint, and further deny that Plaintiff was employed by VAA.

73.  Deny the allegations contained in Paragraph 73 of the Complaint, and further deny that Plaintiff was employed by VAA.

74.  Deny the allegations contained in Paragraph 74 of the Complaint, and further deny that Plaintiff was employed by VAA.

75.  Deny the allegations contained in Paragraph 75 of the Complaint, and further deny that Plaintiff was employed by VAA.

76.  Deny the allegations contained in Paragraph 76 of the Complaint, and further deny that Plaintiff was employed by VAA.

77.  Deny the allegations contained in Paragraph 77 of the Complaint, and further deny that Plaintiff was employed by VAA.

## **JURY DEMAND**

78.  Offer no response to Paragraph 78 of the Complaint, as it contains no factual allegations.

## **AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

79.  The Complaint, and each and every cause of action therein, fails to state a claim against the Virgin Defendants upon which relief can be granted.

## **AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

80.  Actions, if any, taken with regard to Plaintiff's employment were taken for legitimate business reasons totally unrelated to Plaintiff's race, national origin, color, gender, sexual orientation, alienage, citizenship status, or any other protected category under the NYC HRL, and were not motivated by discriminatory or retaliatory animus.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

81. VAA was not Plaintiff's employer.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

82. Plaintiff's damages are barred, upon information and belief, in whole or in part, by his failure to mitigate damages.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

83. Plaintiff's claims, to the extent they fall outside the relevant statute of limitations periods, are time barred.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

84. Plaintiff is barred from relief for each and every cause of action under the doctrines of unclean hands, laches, waiver, or estoppel.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

85. The Virgin Defendants exercised reasonable care to prevent and correct any discriminatory and/or harassing behavior in accordance with federal, state, and local laws, and Plaintiff unreasonably failed to take advantage of preventive or corrective opportunities or otherwise avoid harm.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

86. The damages allegedly sustained by Plaintiff were caused by actions of parties other than the Virgin Defendants, their agents or employees, and in the event the Virgin Defendants are found liable to Plaintiff, which liability is expressly denied, the Virgin Defendants will be entitled to indemnification, contribution, or apportionment of liability under applicable law.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

87. Upon information and belief, Plaintiff was an at-will employee of Swissport with no expectation of permanent employment.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

88. The Virgin Defendants established and complied with policies, programs, and procedures for the prevention and detection of unlawful discriminatory practices.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

89. The Virgin Defendants have acted reasonably, in good faith, and with good cause have made good faith efforts to comply with federal, state, and local law, and have not violated any right which may be claimed by Plaintiff under any federal, state, or local law, rule, ordinance, regulation, or guideline.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

90. The purported discriminatory conduct and/or harassment alleged by Plaintiff amounts to conduct that would be considered petty slights and trivial inconveniences.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

91. The claims in the Complaint are barred, in whole or in part, by the unavailability of damages requested.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

92. Workers' Compensation is plaintiff's sole remedy for relief related to his purported workplace injury.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

93. All or part of the alleged conduct for which Plaintiff seeks damages was performed without the actual or constructive knowledge of the Virgin Defendants

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

94. Plaintiff was not permitted or suffered to work, or otherwise under the control of VAA, for any of the hours claimed.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

95. Upon information and belief, Plaintiff has received all the compensation to which he is entitled.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

96. To the extent Plaintiff did not receive overtime pay for hours worked in excess of forty hours per week, VAA did not have knowledge of such purported unpaid hours, which, in any event, were the obligation of Plaintiff's employer, not VAA.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

97. The Virgin Defendants currently have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available. The Virgin Defendants reserve the right to assert additional affirmative defenses in the event that discovery indicates they would be appropriate.

**WHEREFORE**, the Virgin Defendants demand that judgment be entered in their favor dismissing this action in its entirety, awarding to the Virgin Defendants their costs, inclusive of attorney's fees, and such other relief as the Court may deem just and proper.

Dated: New York, New York
April 18, 2013

COLLAZO FLORENTINO & KEIL LLP

By: _[signature]_
Tonianne Florentino
Adam Harris
Attorneys for Defendants
  Virgin Atlantic Airways Ltd.

       Pieter Nel
        Gilbert Razzouk
      747 Third Avenue
      New York, New York 10017
      (212) 758-7600

## CERTIFICATE OF SERVICE

I, Adam Harris, hereby certify that on the 18th day of April, 2013, the within Answer of Defendants Virgin Atlantic Airways Limited, Pieter Nel, and Gilbert Razzouk, was filed via ECF, which sent electronic notification of such filing to all Counsel of record. I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
      April 18, 2013

By: _____
     Adam Harris